1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

| | |
|---|---|
| 7 JERRY CONEAL, | Case No. 21-cv-03421-WHO |
| 8              Petitioner, | **ORDER DIRECTING PETITIONER TO FILE A RESPONSE TO THIS ORDER BY MARCH 21, 2022;** |
| 9       v. | |
| 10 LAURIE SMITH, | **INSTRUCTIONS TO CLERK** |
| 11              Respondent. | Dkt. No. 10 |

12

13 **INTRODUCTION**

14      Petitioner Jerry Coneal seeks federal habeas relief from his state convictions.

15 However, one of his claims for habeas relief is unexhausted, as pointed out in respondent's

16 unopposed motion to dismiss.  Because an unexhausted claim cannot proceed, Coneal must

17 decide whether to dismiss his habeas action, dismiss the claim, or stay the suit so that he

18 can exhaust his claim in state court.

19      On or before **March 21, 2022**, Coneal must file a written response to this Order in

20 which he makes clear what his decision is.  <u>Failure to file a proper response by March 21,</u>

21 <u>2022, may result in the dismissal of this action for failure to prosecute.</u>

22 **BACKGROUND**

23      In August 2017, a San Mateo County Superior Court jury found Coneal guilty of

24 first degree murder and found true special circumstance allegations.  (Pet., Dkt. No. 1 at 1-

25 2; Mot. to Dismiss (MTD), Dkt. No. 10 at 1.)  A sentence of life in prison without the

26 possibility of parole, with a consecutive term of 25 years to life, was imposed.  (MTD,

27 Dkt. No. 10 at 2.)  His attempts to overturn his convictions in state court on direct appeal

28 were unsuccessful.  (*Id.*)  He did not pursue state collateral relief.  (*Id.*)

United States District Court
Northern District of California

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Coneal alleges that (1) the admission of gang evidence violated due process; (2) there was prosecutorial misconduct; (3) trial counsel rendered ineffective assistance; (4) the trial court failed to give a curative instruction in violation of due process; (5) the trial court failed to give an instruction on the lesser included offense of voluntary manslaughter in violation of due process; (6) there was cumulative error; (7) his sentence violates his constitutional rights; (8) the case should have been remanded for resentencing to another judge; and (9) his conviction was not supported by sufficient evidence. (Pet., Dkt. No. 1 at 7-11.) Respondent admits Claims 1-8 were presented to the state supreme court and are exhausted. (MTD, Dkt. No. 10 at 3.)

Respondent correctly points out that Claim 9 was not presented to the state supreme court and therefore is not exhausted. (*Id.*) Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). In fact, a federal district court may not grant the writ unless state court remedies are exhausted or there is either "an absence of available state corrective process" or such process has been

United States District Court
Northern District of California

"rendered ineffective."  28 U.S.C. § 2254(b)(1)(A)-(B).  If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.  *See Lundy*, 455 U.S. at 510.

Coneal has three choices.  He can opt to (1) dismiss the petition and return to state court to exhaust the unexhausted claim; (2) proceed with the exhausted claims only; or (3) move to stay the petition, exhaust the unexhausted claim and then move to amend the stayed petition to add the exhausted claim.  *See Ford v. Hubbard*, 305 F.3d 875, 882-86 (9th Cir. 2002).  <u>Coneal must inform the Court of his decision in writing on or before March 21, 2022.</u>  Failure to inform the Court by such date may result in dismissal of the action without further notice to petitioner.

Coneal should be aware of the following.  If he chooses option (1), to dismiss this case and return later with a completely exhausted petition, the new petition may be barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit.  *Id.* § 2244(d)(2).  Coneal is reminded that the time a federal petition, such as this one, is pending is not excluded from the one-year limit.  *Duncan v. Walker*, 533 U.S. 167, 121 (2001).

If he chooses option (2), to proceed now with his exhausted claims only, a later petition that attempts to raise the now-unexhausted claim (or any other claim) may be barred as second or successive or abusive.  *See* 28 U.S.C. § 2244(b)(1).  He also would have to obtain permission from the Ninth Circuit Court of Appeals in order to file such a second petition.  *See* 28 U.S.C. § 2244(b)(3)(A).

If he chooses option (3), Coneal must act diligently to file in the California Supreme Court and to obtain a decision from the California Supreme Court on his unexhausted claim(s).  He would also be required to notify this Court within thirty days of the California Supreme Court's final decision on his unexhausted claims.  In order to qualify for a stay, he must also show good cause for why this claim was not previously exhausted and that it is "potentially meritorious" under *Rhines v. Webber*, 544 U.S. 269 (2005).

3

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

**On or before March 21, 2022, Coneal must file a response to this Order in which he states whether he chooses option (1), (2), or (3).**  Failure to comply with these instructions may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The Order terminates respondent's motion to dismiss.  (Dkt. No. 10.)  The Clerk shall terminate all pending motions.

The Clerk also shall amend the docket to reflect that Laurie Smith, the Sheriff of Santa Clara County, is the sole respondent in this action.  Petitioner also named Rob Bonta, the Attorney General of California, as respondent.  Smith is the sole proper respondent in this action, as she is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).  The Clerk shall terminate Bonta as respondent.

**IT IS SO ORDERED.**

**Dated:**  February 4, 2022



WILLIAM H. ORRICK
United States District Judge